(24 Civ. Proc. R. 292.)

PEOPLE ex rel. GOTTCHIUS v. McGOLDRICK, Clerk of City Court.

(Supreme Court, Special Term, New York County. March 18, 1895.)

1. MANDAMUS—WHEN GRANTED—ADEQUATE REMEDY AT LAW.
   Mandamus will not be granted to compel the clerk of the New York city court to deliver papers in his possession to relator, as there is an adequate remedy at law by applying to a judge of such court for an order directing the clerk to deliver the papers.

2. STARE DECISIS—RULE OF PRACTICE.
   A decision by a judge of the New York city court that the papers in certain proceedings in such court shall be filed with the clerk thereof, which has been acted on for a number of years, will not be disturbed.

Application for mandamus to compel the clerk of the city court to deliver to plaintiff's attorney the examination of defendant taken in supplementary proceedings, in order that the same may be filed with the county clerk. Denied.

Stephen B. Brague, for relator.
John B. McGoldrick, in pro. per.

ANDREWS, J. This is an application for a writ of mandamus to compel the clerk of the city court to deliver to plaintiff's attorney the examination of a defendant, taken in proceedings supplementary to execution, in order that the same may be filed with the county clerk. There can be no doubt that proceedings supplementary to execution are "special proceedings," for they are expressly declared to be such by section 2433 of the Code; and section 825 of the Code declares that a return or other paper in a special proceeding, where no other disposition thereof is prescribed by law, must be filed, and an order therein must be entered with the clerk of

the county in which the special proceeding is taken if it is before a county officer or a judge of a court established in a city. As I understand the matter, there is no other statute which prescribes what disposition shall be made of papers in special proceedings instituted in the city court, and it therefore seems to me clear that such papers should be filed with the county clerk. If any provision of rule 2 of the general rules of practice conflicted with the above cited provision of said section 825, such provision would be a nullity, as the judges have no power to make a rule which conflicts with said section. I am of the opinion, however, that no provision of said rule does conflict with said provision of said section 825, for the rule, by its own terms, applies to those cases only where no provision is made by the Code, and in this case provision is made by said section 825. This conclusion seems to me to be in accord with that of the general term of the superior court in Fiske v. Twigg, 50 N. Y. Super. Ct. 69. Nevertheless, I think that the present application for a writ of mandamus should be denied, for several reasons: First. A writ of mandamus does not issue as of right, but whether it shall issue rests in the sound discretion of the court; and it does not usually issue where the relator has another adequate remedy. In the present case the relator has an adequate remedy by an application to a judge of the city court to require the clerk to file the papers in the office of the county clerk, and, if such application is denied, by an appeal to the general term of the city court; and, if the order denying the application is affirmed, by a further appeal to the general term of the court of common pleas. Secondly. The question involved relates to the final disposition of papers in special proceedings instituted in said court, and it seems to me that the determination of that question should, in the first instance, be made by the judges of that court. Moreover, it appears that the identical question now presented was brought before the chief justice of that court several years ago, and he came to a conclusion different from that reached by me, and decided that the examinations of judgment debtors, taken in supplementary proceedings instituted in that court, should be filed with the clerk of the said court. Renner v. Meyer (City Ct. N. Y.) 6 N. Y. Supp. 535. No appeal was taken from the order entered upon this decision, and it appears by the affidavit of the clerk that, in compliance therewith, vast numbers of papers have been retained by him, and are now on file in his office, and that this is the only instance in which it has been claimed that it was not his right and duty to do so. Under these circumstances, for this court to now issue the writ asked for would be to disregard the salutary rule stare decisis, to embarrass the clerk in the discharge of the duties of his office, and place him in the awkward position of being compelled to disregard the decision of the former chief justice of his own court in order to comply with the writ. I think the relator should be left to his remedy by motion in the city court.

Motion denied, without costs.