PEOPLE ex rel. MT. VERNON TRUST CO. v. MILLARD, Town Supervisor.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

MANDAMUS—APPEAL—DECISIONS REVIEWABLE—FINALITY OF DETERMINATION.
An appeal will not lie by relator from an order denying a peremptory writ of mandamus, but directing that an alternative writ issue.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 429.]

Appeal from Special Term, Westchester County.

Application by the people, on the relation of the Mt. Vernon Trust Company, for a peremptory writ of mandamus against Charles D. Millard, as supervisor of the town of Greenburgh. From an order denying a peremptory writ, but directing that an alternative writ issue, relator appeals. Appeal dismissed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Arthur M. Johnson, for appellant.

Hugh A. Thornton, for respondent.

JENKS, J.　The relator moved for a peremptory writ of mandamus.　The Special Term made an order denying the motion for the peremptory writ, but directing that an alternative writ issue.　The relator appeals from that order, and from each and every part thereof.

We think that the appeal should be dismissed.　In People ex rel. Ackerman v. Lumb, 6 App. Div. 26, 39 N. Y. Supp. 514, the relator moved for a peremptory writ, but the Special Term granted an alternative writ, and the relator appealed.　We held that the order was not appealable, inasmuch as it was in the nature of an order to show cause, and did not affect a substantial right.　See, too, People ex rel. Levenson v. O'Donnel, 99 App. Div. 253, 90 N. Y. Supp. 961, and cases cited; Merrill on Mandamus, § 306; Baylies' New Trial and Appeals, 107.　Merrill on Mandamus, supra, says:

"When the court, upon the hearing of the application, decides that upon the allegations made the relator is not entitled to a writ of mandamus, and refuses to grant either a motion to show cause or an alternative writ, the prevailing opinion in America is that such action is a final judgment, from which an appeal or a writ of error may be taken to the appellate court."

The appeal is dismissed, with $10 costs.　All concur.