PEOPLE ex rel. MT. VERNON TRUST CO. v. MILLARD, Town Sup'r.

(Supreme Court, Appellate Division, Second Department.  June 4, 1909.)

1. JUDGMENT (§ 138*)—OPENING DEFAULT.

   Where a trial judge has heard a motion to postpone on affidavits, the moving party may not willfully suffer a default when his motion is denied, and then apply to another judge on motion to open the default; his remedy being to appeal to the Appellate Division.

   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 138.*]

2. TOWNS (§ 52*)—ISSUE OF BONDS—VALIDITY.

   Where, under a statute providing that the amount of assessments against lands for certain work as determined by the commissioners should be collected annually from the property assessed, together with the interest accrued on town bonds for such amounts, as other town taxes are collected, etc., the town is merely called on to issue the bonds and attend to the collection of the funds for their payment, the town supervisor may not litigate a question affecting only those who are assessed.

   [Ed. Note.—For other cases, see Towns, Dec. Dig. § 52.*]

Appeal from Special Term, Westchester County.

Mandamus by the People, on the relation of the Mt. Vernon Trust Company, against Charles D. Millard, as Supervisor of the Town of Greenburgh.  From an order vacating and setting aside an inquest taken in the matter, relator appeals.  Order reversed, and motion to vacate denied.

See, also, 127 App. Div. 77, 111 N. Y. Supp. 22; 129 App. Div. 925, 114 N. Y. Supp. 1142.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Arthur M. Johnson, for appellant.

Hugh A. Thornton, for respondent.

WOODWARD, J.  The plaintiff made an application for a peremptory writ of mandamus to compel the defendant, as supervisor, to issue bonds under the provisions of section 11 of the drainage law of 1869 (Laws 1869, p. 2228, c. 888), as finally amended by section 3, c. 523, p. 1287, of the Laws of 1901.  This application was denied, but an alternative writ was issued under an order of the Special Term on the 28th day of March, 1908.  The defendant filed a demurrer to the alternative writ, and appealed from the interlocutory judgment overruling his demurrer, obtaining a stay in the meantime.  The plaintiff appealed from that part of the order which denied its application for a peremptory writ, and this appeal was dismissed.  127 App. Div. 77, 111 N. Y. Supp. 22.  On the 30th day of December, 1908, this court affirmed the interlocutory judgment, and on the 26th day of January, 1909, the defendant joined issue to the alternative writ by filing a return.  On the 3d day of February, 1909, the plaintiff served notice of trial for March 1, 1909, together with a notice that on that day the plaintiff would move for the immediate trial of the cause under the provisions of subdivision 1, § 791, of the Code of Civil Procedure.  On the 1st day of March, on application of the defendant, the trial

of .the case was adjourned to March 8, 1909, for which date it was set down peremptorily for trial. On the date last mentioned the defendant's attorney presented three affidavits, set forth in the record, requesting a further adjournment of the trial, on the ground of the inability at that time to procure certain evidence. This application was denied, and defendant's attorney then withdrew from the trial and permitted an inquest to be taken. At the inquest, upon the direction of the court, a verdict was rendered in favor of the plaintiff, which was returned to the Special Term, and upon such return at Special Term an order was made directing the issuance of a peremptory writ of mandamus, and such writ was duly issued. Without appealing from the order of the Trial Term, denying the defendant's application for an adjournment, the defendant, on the 11th day of March, 1909, obtained an order to show cause, returnable March 15th, why the inquest, final order, and peremptory writ of mandamus should not be vacated, and upon the return of this order the order appealed from was granted, thus in effect permitting one justice of the Supreme Court to sit in review upon the action of another justice. This practice has been condemned by this court, and, while the case has been twice distinguished, the rule asserted has not been questioned. After setting forth the practice in this department, and that all motions for the postponement of trials were required to be on affidavits, Mr. Justice Gaynor says:

"It is entirely obvious that when under the new system a trial judge has heard a motion to postpone on affidavits, to permit the party who made the motion to willfully suffer a default when his motion is denied, and then apply to another judge on motion to open the so-called default, would be appealing from one judge to another, and that is not permissible. His remedy is to appeal from the order of the trial judge to the Appellate Division." Warth v. Moore Blind Stitcher & Overseamer Co., 125 App. Div. 211–215, 109 N. Y. Supp. 116.

This is the rule which should prevail here.

But, upon the merits, what standing has the defendant in this case to prolong this litigation? He is the supervisor of the town of Greenburgh, Westchester county, which town was not a party to the original proceeding for the drainage of certain lands in that township instituted by the "Sheltering Arms," and afterward by the Elmsford Real Estate Company, in 1889, and the only relation which he or his township has to the matter now under consideration is due to the fact that the Legislature in 1901 provided by chapter 523, § 3, that in a case where there had been a proceeding under the provisions of chapter 888, p. 2223, of the Laws of 1869 and its amendments, and the proceeding had resulted in the commissioners determining that the assessments upon the benefited property should be distributed over a series of years, not exceeding 30, upon the commissioners making the proper certificate, the supervisor of the town in which the lands to be assessed were located, it should be the duty of the supervisor of such town to immediately issue the bonds of such town to the total amount named in said statement, bearing interest at 6 per cent. The obligations, it is true, are in form the obligations of the town, and if they were so, in fact, and the town was called upon to meet them, the supervisor might

be justified in an effort to prevent them being issued, unless the town had had full value and the proceedings had been regular; but this is not the case. The statute provides that:

"The amounts of the assessments against said lands as determined by said commissioners and included in their said statement filed as aforesaid, shall be collected annually from the property assessed, in such installments as determined by said commissioners, together with the interest accrued on said town bonds for such amounts as other town taxes are collected, and the proceeds thereof shall be used to pay said bonds."

The defendant alleges that the town has had no notice of the proceedings, and he undertakes to contest the issuing of these bonds by going into the merits of the work performed by the commissioners, when in fact the town has no interest in the matter whatever, except to annually attend to the collection of the assessment made upon the various pieces of land adjudged by the commissioners to have been benefited by the drainage. The state merely makes use of the township machinery to raise the money immediately for the payment of this semipublic improvement, and, while it is true that there are provisions under the act where the town might be charged for some part of the improvement, it appears from the record now before us that the assessment is to be laid upon the lands adjacent to the drainage area, and the landowners have already raised all of the questions which the defendant seeks to raise, and these have been determined. The issuing of the town bonds does not involve the township, except nominally. It merely makes the town authorities the agents for the collection of the annual assessments against the abutting or benefited property, a practice much in vogue in municipal corporations, and which has been held not to increase the corporate debt. The only persons interested, and who have a right to litigate the question of the performance of the work, are those whose property is affected by the assessment. These have been before the court. Their rights have been conclusively fixed, and the assessments are now a lien upon their several properties. All that remains is for the supervisor to do his duty and issue these bonds, and the collection of the sums necessary to meet these bonds at maturity will be done in the manner pointed out by the statute, without involving any pecuniary charge against the town. It is merely making use of the town to finance the undertaking, where it would otherwise prove burdensome to those who have been called upon to make a large contribution to the cause of public health by reason of the drainage of a considerable area of the township. The township is benefited, presumably, by the improved sanitary conditions, just as a municipality is benefited by a system of sewers, and, so long as it is merely called upon to issue the bonds and attend to the collection of the funds for their payment, the supervisor of the town has no standing to litigate a question which affects only those who are assessed.

The order appealed from should be reversed, with costs.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur; BURR, J., on the first ground stated in opinion.