In the Matter of WILLIAM HAYDORN, Praying for a Writ of Mandamus, Appellant, *v.* EDWARD R. CARROLL, as Clerk of the Court of General Sessions of the Peace of the City and County of New York, Respondent.

First Department, July 11, 1918.

**Mandamus — right to appeal from order granting peremptory writ — crime — right of defendant, who upon plea of not guilty has reserved right to make any motion, to demand inspection or copy of indictment.**

An order granting or denying a peremptory writ of mandamus is appealable. Notwithstanding the denial of a motion for a peremptory writ of mandamus as a matter of law and not as a matter of discretion if the Appellate Division be of the opinion that the writ should not issue as a matter of discretion the order denying it will be affirmed.

A defendant arraigned in the Court of General Sessions who pleaded not guilty to the charge of burglary, but reserved the right to withdraw such plea and demur or make any motion on or before a certain date, has not lost his right to make a demand under section 309 of the Code of Criminal Procedure that the indictment be read or a copy thereof furnished him, and his motion for a peremptory writ of mandamus requiring the court to permit him to inspect the original indictment should be denied.

APPEAL by the petitioner, William Haydorn, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of April, 1918, denying his motion for a peremptory writ of mandamus.

*Robert H. Elder* of counsel [*Otho S. Bowling* with him on the brief], for the appellant.

*Robert S. Johnstone* of counsel [*Robert D. Petty* with him on the brief; *Edward Swann, District Attorney*], for the respondent.

SMITH, J.:

The plaintiff has been indicted by the grand jury of New York county upon the charge of burglary. He was arraigned in the Court of General Sessions and pleaded " not guilty," but " reserved the right (the Court then and there consenting)

to withdraw such plea and demur or make any motion on or before March 25th, 1918." Thereafter he made application to the clerk of the Court of General Sessions to be allowed to inspect the indictment. The clerk refused that permission, however, on the ground that the indictment included other defendants who had not been arrested, but offered to relator to read to him the indictment or to furnish a copy, omitting the names of those defendants not yet taken into custody. The relator thereupon made a motion for a peremptory writ of mandamus, requiring the Court of General Sessions to permit him to inspect the original indictment. The Special Term has denied the writ as matter of law and not as matter of discretion. From such order denying a motion for the writ the relator has here appealed.

At the threshold of the argument the relator's right to appeal is challenged. It is claimed that while authority to appeal is specifically given from an order granting or denying an alternative writ of mandamus, there is no such right specifically given to appeal from an order granting or denying a peremptory writ of mandamus. It is true that by section 2087 of the Code of Civil Procedure the right to appeal from an order granting a peremptory writ of mandamus is recognized and in that section it is provided that an appeal from such an order must be taken as from a final order. The position of the district attorney upon the argument was that an order granting a peremptory writ of mandamus was not only an order for the institution of the proceeding by State writ but for its determination as well, and, therefore, might be appealable under section 1356 of the Code as a final order in a special proceeding. The attorneys have cited no cases and I have been unable to find any in which an order denying a peremptory writ of mandamus or an alternative writ of mandamus has been held not to be appealable. This is significant in view of the fact that the Court of Appeals and the General Terms and the Appellate Divisions have constantly recognized appeals from orders denying both peremptory and alternative writs of mandamus and the merits of the application have been considered upon such appeals without question of the right of appeal. This would indicate a general understanding, both of the bench and of the bar,

that the right of appeal existed. While such general understanding is not determinative of the right of appeal, nevertheless it is not without its weight in the construction of the provisions of the Code under which this right to appeal is claimed. In *People ex rel. Mount Vernon Trust Co.* v. *Millard* (127 App. Div. 77) it was held that there was no appeal from an order of the Special Term denying a peremptory writ of mandamus but granting the alternative writ. That order was held not appealable inasmuch as it was in the nature of an order to show cause, and did not affect a substantial right. Prior to the amendment of 1913 of section 1356 of the Code (Laws of 1913, chap. 572), it was uniformly held that an order granting an alternative writ of mandamus was not appealable for the reasons stated in the case cited. In the opinion, Mr. Justice JENKS quotes from Merrill on Mandamus (§ 306): "When the court upon the hearing of the application decides that, upon the allegations made, the relator is not entitled to a writ of mandamus, and refuses to grant either a motion to show cause or an alternative writ, the prevailing opinion in America is, that such action is a final judgment, from which an appeal or a writ of error may be taken to the appellate court." (See, also, *People ex rel. Levenson* v. *O'Donnel,* 99 App. Div. 253.)

By section 1356 of the Code it is provided that an appeal may be taken from an order made in a special proceeding affecting a substantial right. This section is claimed by the respondent here to be inapplicable because the special proceeding under the State writ is not commenced until the issuance of the writ. Cases are cited wherein it is held that it is improper to entitle the affidavits upon the application for the writ, because of the fact that the special proceeding is not commenced until the issuance of said writ. It may be that the special proceeding to be instituted by the State writ is not commenced until the issuance of the writ, nevertheless the application for the writ may itself be deemed a special proceeding. While the affidavits could not be entitled in the proceeding to be instituted by the State writ, it clearly would not be improper to entitle them in the matter of the application for that writ. Under sections 3333 and 3334 any application for the enforcement or protection of a right that

is not an action is deemed a special proceeding. It is inconceivable that the Legislature under its general policy to grant liberally the right to appeal in actions and special proceedings where the merits are involved should have intended to deny to one seeking a peremptory writ of mandamus a right to review the action of the Special Term by appeal, if his application be denied. It often happens that in such denial are involved rights of great importance to the relator. It may be that in the amendment of 1913 to section 1356 it was unnecessary to give the right of appeal in a special proceeding where the order denied an alternative writ of mandamus, inasmuch as under the construction which I would give to the prior part of the section, the right to appeal from such an order would be there included. In view, however, of the uniform action of the courts in entertaining these appeals from orders denying both peremptory and alternative writs of mandamus and in view of the confessed hardship in denying the right of appeal to one deprived of a substantial right by the denial of the motion for such writ, the court should not apply a technical rule of construction to take from relator the right of review. As before stated, section 2087 does not itself purport to give any right of appeal but simply is a regulation of procedure in case of an appeal, either from an order granting a peremptory writ or from an order granting or denying an alternative writ of mandamus. Any omission from that section of a provision for the procedure upon appeal from an order denying a peremptory writ of mandamus should be given no greater significance than the provisions of section 1356 of the Code, granting the right to appeal from an order refusing an alternative writ of mandamus. If this application had been in form for an alternative writ, the right of appeal would seem to be expressly given by section 1356. It is not reasonable to impute to the Legislature the intention to grant that right and to deny an appeal from an order denying a peremptory writ upon affidavits wherein the facts are conceded. The respondent's challenge, therefore, of the relator's right to appeal is overruled.

The discretion of the Supreme Court is lodged not alone in the Special Term but also in the Appellate Division. Notwithstanding the denial of the relator's motion as a matter

of law and not as a matter of discretion, if this court be of opinion that the writ should not issue as a matter of discretion, the order denying the writ will be affirmed.

The rules governing the exercise of the discretion of the court in the granting or refusing these writs is laid down in the case of *People ex rel. Lehmaier* v. *Interurban St. R. Co.* (177 N. Y. 296). The opinion in part reads: " The writ of mandamus is issued only when there is a clear legal right to be enforced and when there is no other adequate or legal remedy to obtain the relief sought. * * * If the right of the relator to the writ is not clear, or if there was some other adequate legal remedy more appropriate to the case, then the relator had no absolute right to the writ; and if the courts below were of the opinion that it was inexpedient to grant it under the circumstances, then this court has no right to interfere."

By section 309 of the Code of Criminal Procedure it is provided: " The arraignment [of one charged with a crime] consists in stating the charge in the indictment to the defendant, and in asking him whether he pleads guilty or not guilty thereto."

The section further reads: " If the defendant demand it, the indictment must be read, or a copy thereof furnished to him before requiring him to plead."

By section 1782 of the Penal Law it is provided: " A judge, grand juror, district attorney, clerk, or other officer, who, except in the due discharge of his official duty, discloses, before an accused person is in custody, the fact of an indictment having been found or ordered against him, is guilty of a misdemeanor."

Whatever rights the defendant may have to an inspection or copy of the full indictment could, therefore, have been raised at the time of the defendant's arraignment, and if the plea of not guilty were entered with the right to the defendant to withdraw the plea and to demur, or make any motion which he may deem necessary, the defendant has not lost his right to make such a demand as is provided for in section 309 of the Code of Criminal Procedure. That we think is the more appropriate time and place for making the demand which the defendant has now made to the clerk of the Court of General

Sessions.   In *People ex rel. Gottchius* v. *McGoldrick* (33 N. Y. Supp. 441), Mr. Justice Andrews at Special Term held that mandamus would not be granted to compel the clerk of the New York City Court to deliver papers in his possession to relator, as there is an adequate remedy at law by applying to a judge of such court for an order directing the clerk to deliver up the papers.   Because the defendant may amply protect his rights by the ordinary procedure in the criminal courts, the appeal to the court for the extraordinary writ of mandamus should not be entertained and we are of opinion that the Special Term properly refused to grant the writ.

In making this determination we do not pass upon the question raised as to the right of inspection or as to the right to a full copy of the indictment, including the names of those defendants named therein, not in custody.   This question will be considered when presented upon an appeal properly brought from any action of the criminal court claimed by the defendant to be in violation of his legal rights.

The order should, therefore, be affirmed.

Dowling, Page, Shearn and Merrell, JJ., concurred.

Order affirmed.