JOHN H. DUNHAM

v.

THE PEOPLE ex rel. McCrea.

*Filed at Ottawa September 25, 1880.*

96  331
130  602
96  331
133  462
133  487
96  331
167  334
96  331
171  201
96  331
177  240
96    331
j188  ¹360¹

1. PARK ASSESSMENTS—*constitutional law—corporate authorities.* The General Park act of June 16, 1871, to enable the corporate authorities of two or more towns, for park purposes, to issue bonds, and to make special assessments for their payment, is not in violation of the present constitution, but is in conformity with sec. 9, art 9, of that instrument.

2. The people of the three towns of South Chicago, Hyde Park, and Lake, by voting for the adoption of the act creating the South Park Commissioners, made the commissioners corporate authorities for such towns, and empowered them to assess the requisite tax upon the property in the towns.

WRIT OF ERROR to the Appellate Court for the First District; Hon. THEODORE D. MURPHY, presiding Justice, and the Hon. GEORGE W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices;—heard in that court on writ of error to the County Court of Cook County; the Hon. MASON B. LOOMIS, Judge, presiding.

Messrs. HARRISON & WHITEHEAD, for the plaintiff in error.

Mr. F. H. KALES and Mr. R. S. THOMPSON, for the defendant in error.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

This is a writ of error to the Appellate Court for the First District, wherein it affirmed a judgment rendered by the county court of Cook county, against certain lands, and an order of sale thereof, which lands were claimed to be delinquent for the sixth installment of a certain special assessment, made by the South Park Commissioners, a body politic and corporate, created by an act commonly called the South Park

act, found in Private Laws, 1869, volume 1, p. 358. By another act, approved June 16, 1871, these commissioners were empowered to make a special assessment, to be divided into installments; the first not to exceed 25 per cent of the assessment, and the remainder, after deducting the first installment, to be divided into seven equal installments, to be payable annually,—all installments to bear interest at the rate of 7 per cent per annum. Revised Statutes, 1874, p. 736.

In pursuance of this act, the South Park Commissioners made an assessment, which was confirmed by the circuit court, and divided into eight installments, of which the one now in controversy is the sixth.

In pursuance of section 178 of the revenue law, the commissioners made a delinquent return to the county treasurer, embracing a charge for this 6th installment, and he to the county court. In accordance with the statute, the plaintiff in error, being the owner of the property assessed, filed in that court objections.

These objections were overruled by the county court, from which a writ of error was prosecuted to the Appellate Court, where the judgment of the county court was affirmed. To reverse that judgment this writ of error is prosecuted.

The point made here by the plaintiff in error is that the law of 1871, under which this assessment was made, is unconstitutional. The position taken is that the constitution only authorizes the corporate authorities of cities, towns and villages to make local improvements by special assessment proceedings; and it is insisted that the South Park Commissioners are neither of these.

The park district consists of the towns of South Chicago, Hyde Park and Lake. The title of the act under which the South Park Commissioners were organized, is an act to provide for the location and maintenance of a park for the towns of South Chicago, Hyde Park and Lake. (Private Laws of 1869.)

By the first section of the act, the South Park Commissioners are constituted "a board of park commissioners, for the towns of South Chicago, Hyde Park and Lake, to be known under the name of the South Park Commissioners."

The act of 1871, the constitutionality of which is called in question, is entitled, an act to enable the corporate authorities of two or more towns, for park purposes, "to issue bonds and provide for their payment; and to make, revise and collect special assessments," etc.

The constitutionality of this act of June 16, 1871, was before this court in the case of *The People* v. *Brislin*, 80 Ill. 423, wherein the act was held constitutional. In that case it was said: "The park district, when established in pursuance of the act creating it, became a municipality for certain purposes, and as such, came within the domain of legislation. The powers of the corporate authorities are subservient to the legislative power, precisely as in the case of other municipalities, and are *not interfered with* by the *present* State constitution. On the contrary, their existence is implied by the terms of section 9, of article 9, giving them power to make special assessments for local improvements, or by taxation of contiguous property, or otherwise. This act of 1871 in no degree trenches upon this article, but is in conformity therewith."

Section 9, of article 9, of the constitution, authorizes the General Assembly to vest this power in "the corporate authorities of cities, towns and villages." But it is now insisted that the South Park Commissioners are not the corporate authorities of either a city, a town or a village.

The constitution of 1848 contained this provision: "The corporate authorities of counties, townships, school districts, cities, *towns* and villages, may be vested with power to assess and collect taxes for corporate purposes." Under that constitution the act creating the South Park Commissioners was passed, giving them authority to levy and collect taxes for the purposes of their organization. The constitutionality

of this legislation was called in question in the case of *The People* v. *Salomon,* 51 Ill. 37. In that case, referring to this article of the constitution of 1848, this court said: "While this provision limits the objects of local taxation to corporate purposes, and the delegation of the power of taxation to the corporate authorities of counties, townships, school districts, cities, towns and villages, it clearly does not prevent the legislature from creating districts, by the union of two or more towns in the same county, for any special township purpose, with the consent of those towns, and erecting over such district an authority, likewise with their consent, to which shall be granted all the necessary power of taxation, for the construction of the improvements, and for their government and control." In this case, the people of these three towns, by voting for the law, have made the commissioners corporate authorities for such towns, and have empowered them to assess the requisite tax upon the property of the town.

It will thus be seen that before the adoption of the constitution of 1870, construction had been given to this clause of the constitution of 1848, by this court, by which it was held that the district embracing the three towns of South Chicago, Hyde Park and Lake, when formed into a district for the purposes provided for in that act, were to be regarded as a town, or rather that the park commissioners, for these purposes, were to be regarded as the corporate authorities of the three towns.

The clause in the constitution of 1870, adopted in the light of this construction, must be construed in the same manner as was construed the kindred clause in the constitution of 1848.

Notwithstanding the elaborate and forcible argument of counsel, we are disposed to adhere to the opinion that the act of 1871, on this subject, is not in violation of the constitution.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*