VIRGINIA G. HORTON, Appellant, *v.* JOHN E. ANDRUS et al., as Commissioners Appointed for the Purpose of Providing a Sewer in the Bronx River Valley, et al., Respondents.

1. WESTCHESTER (COUNTY OF) — CONSTRUCTION OF A SANITARY SEWER TO DRAIN A LARGE AND THICKLY POPULATED PART OF THE COUNTY, CONSISTING OF SEVERAL MUNICIPALITIES, IS A LEGITIMATE COUNTY PURPOSE. The construction of a sanitary sewer in the Bronx river valley in the county of Westchester for the purpose of draining a large and thickly populated part of the county, including four towns, one city and part of another city, is a legitimate county purpose which could not be undertaken by any one of such municipalities alone, nor should the burden of its cost be imposed upon any single municipality, since the work is for the com-

mon benefit of all, and it is in conformity with the general policy of the state government that the prosecution of a work which exceeds the domain of any one municipality should be conferred upon the next higher political organization capable of performing it and within whose territory is situated the whole improvement.

2. SAME — CONSTITUTIONALITY OF STATUTE (L. 1905, CH. 646) AUTHORIZING CONSTRUCTION OF SEWER AND PROVIDING FOR THE ISSUING OF COUNTY BONDS TO PAY COST OF CONSTRUCTION. The statute (L. 1905, ch. 646) authorizing the construction of such sewer and providing for bonds to be issued by the county of Westchester for the purpose of raising funds for the construction of the sewer is not violative of the State Constitution (Art. 8, § 10), which provides that no county, city, town or village shall be allowed to incur any indebtedness except for county, city or village purposes. The bonds on their face purport to be the obligation of the county, and the fact that the county is ultimately to be reimbursed by the local assessments provided by the act cannot relieve it from its primary obligation to the holders of the bonds, and, therefore, the statute does require the county of Westchester to incur a debt, and that debt is plainly for a legitimate and lawful county purpose.

3. SAME — OPPORTUNITY AFFORDED TO TAXPAYERS TO APPEAR ON APPORTIONMENT OF ASSESSMENT FOR THE COST OF THE SEWER. A contention that the taxpayer is without opportunity to appear before the board of supervisors and be heard as to the apportionment of the assessment of the cost of the improvement between the several municipalities benefited thereby is untenable. The statute provides (§ 14) that the apportionment or equalization shall be made by the board at the annual meeting after the dissolution of the commission appointed to construct the sewer, and the act, though local, is public not private, and the taxpayers of the county are bound to take notice of it.

*Horton* v. *Andrus*, 121 App. Div. 918, affirmed.

(Argued January 8, 1908; decided February 25, 1908.)

APPEAL, by permission, from an order of the Appellate Division of the Supeme Court in the second judicial department, entered October 23, 1907, which affirmed an order of Special Term denying a motion to continue a temporary injunction *pendente lite* and vacating and setting aside such injunction.

The following questions were certified :

" 1. Is the statute known as chapter 646 of the laws of the state of New York, passed in the year 1905, in conflict with subdivision 3 of section 8 of article 1 of the Constitution of the United States, and is it, therefore, void ?

" 2. Does the said statute violate the provisions of section 10 of chapter 907 of the Laws of the United States of 1890 (26 U. S. St. at Large, p. 426) ?　Does it violate the provisions of section 3 of chapter 158 of the Laws of 1892 (27 U. S. St. at Large, p. 88) ?

" 3. Is the said act of the legislature of New York unconstitutional and void as in violation of section 16 of article 3 of the Constitution of the state of New York ?

" 4. Does the said act of the legislature violate the provisions of section 27 of article 3 of said Constitution, and is it for that reason invalid ?

" 5. Does the said act conflict with section 10 of article 8 of the Constitution of the state of New York, which provides, among other things, that no city, county, town or village shall be allowed to incur any indebtedness except for county, city, town or village purposes ?

" 6. Is the said enactment unconstitutional, and, therefore, void, in creating or attempting to create any liability of the county of Westchester as in section 6 of said act provided to pay for the condemnation and purchase of lands and easements required for the sewer provided for by said act ?

" 7. Does the said enactment conflict with the provisions of section 6 of article 1 of the Constitution of the State of New York, which provides, among other things, that no person shall be deprived of life, liberty or property without due process of law, nor shall private property be taken for public use without just compensation ?　Is it unconstitutional because of failure to provide certainty of compensation to the owners of land which is to be condemned for the sewer ?

" 8. Is the said enactment in conflict with the provisions of the Constitution of the United States prescribing that no person shall be deprived of life, liberty or property without due process of law, nor shall private property be taken for public use without just compensation ; and that no state shall deprive any person of life, liberty or property without due process of law ?

" 9. Does the said enactment unconstitutionally delegate

the power of taxation to a commission having no governmental functions to determine, in its judgment or discretion, the amount to be raised by taxation ?"

The facts, so far as material, are stated in the opinion.

*J. Hampden Dougherty* for appellant. The act offends against that provision of the Constitution which forbids the expenditure of any county moneys for other than county purposes. (*Matter of Mayor, etc.,* 99 N. Y. 569; *S. P. & P. Co.* v. *Mayor, etc.,* 152 N. Y. 257; *People* v. *Draper,* 15 N. Y. 532.) The statute in question is in conflict with both the Federal and the State Constitution in that it proposes to take property without due process of law. (*Stuart* v. *Palmer,* 74 N. Y. 183; *Davidson* v. *New Orleans,* 96 U. S. 617; *People ex rel. Pulman* v. *Henion,* 64 Hun, 471; *People* v. *Turner,* 117 N. Y. 227; *Matter of Union College,* 129 N. Y. 308.)

*James M. Hunt, Charles H. Young* and *Albert Ritchie* for respondents. The act does not conflict with section 10 of article 8 of the Constitution which provides, among other things, that no city, county, town or village shall be allowed to incur any indebtedness except for county, city, town or village purposes. (*Davidson* v. *New Orleans,* 96 U. S. 97; *Hayar* v. *Reclamation District,* 111 U. S. 701; *Spencer* v. *Merchant,* 125 U. S. 345; *Walston* v. *Nevin,* 128 U. S. 578; *Lent* v. *Tillson,* 140 U. S. 316; *Paulsen* v. *Portland,* 149 U. S. 30; *Bauman* v. *Ross,* 167 U. S. 589; *Fallbrook Irrigation District* v. *Bradley,* 164 U. S. 112; *Ulman* v. *Baltimore,* 165 U. S. 719; *People* v. *Brooklyn,* 4 N. Y. 419). The enactment does not conflict with the provisions of section 6 of article 1 of the Constitution of the state of New York, which provides, among other things, "that no person shall be deprived of life, liberty or property without due process of law, nor shall private property be taken for public use without just compensation," and is not unconstitutional because of the failure to provide a certainty of compensation to the

owners of the lands which are to be condemned for the sewer. (*Bloodgood* v. *M. & H. R. R. Co.*, 18 Wend. 9; *Matter of Mayor*, etc., 99 N. Y. 570; *People ex rel. Hayden* v. *City of Rochester*, 50 N. Y. 525.) The said enactment is not in conflict with the provisions of the Constitution of the United States prescribing that no person shall be deprived of life, liberty or property without due process of law, nor shall private property be taken for public use without just compensation, and that no state shall deprive any person of life, liberty or property without due process of law. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Davidson* v. *New Orleans*, 96 U. S. 97; *Spencer* v. *Merchant*, 125 U. S. 345; *Walston* v. *Nevin*, 128 U. S. 578; *Fallbrook Irrigation District* v. *Bradley*, 164 U. S. 112; *Paulsen* v. *Portland*, 149 U. S. 30; *French* v. *B. A. P. Co.*, 181 U. S. 324.)

Cullen, Ch. J. This is a taxpayer's action brought against commissioners appointed under chapter 646 of the Laws of 1905 for the construction of a sanitary sewer in the Bronx river valley in the county of Westchester, to restrain them from undertaking or prosecuting the work provided for by said statute, on the claim that the statute violates both the Federal and State Constitutions. Many grounds of attack on the act are set forth in the complaint, and the Appellate Division has certified to us for determination no less than nine several questions. It is to be regretted that the Appellate Division, when it thought these questions either of sufficient importance or sufficiently doubtful to require the opinion of this court upon an interlocutory application, wrote no opinion, and thus we have no information as to what that court regarded as the difficulties in the disposition of the case before it. We are of opinion that all of the objections to the validity of the statute raised by the appellant and comprehended in the questions certified to us, with one or, possibly, two exceptions, are destitute of merit, and we shall dispose of them simply by answering the questions certified to us.

The exception to which we refer is the claim that the stat-

ute violates section 10, article VIII of the State Constitution,
which provides that no county, city, town or village shall be
allowed to incur any indebtedness except for county, city,
town or village purposes, in that it pledges the credit of the
county of Westchester for the payment of the bonds issued to
raise the funds necessary for the construction of the sewer.
The bonds on their face purport to be the obligation of the
county, and the fact that the county is ultimately to be reim-
bursed by the local assessments provided by the act cannot
relieve it from its primary obligation to the holders of the
bonds.   Therefore, the statute does require the county of
Westchester to incur a debt, and the question is whether
that debt is for county purposes.   We think that it plainly
is.   Usually sewers are constructed by cities or other
municipal corporations.   The reason for this, however, is not
that the disposition of sewage is in its character so inhe-
rently a city or village function that it may not be undertaken
by the state or by a county, but that ordinarily drainage dis-
tricts are so small in area as to be included within the terri-
tory of a city or village and in a majority of cases comprise
only a portion of such territory.   It may happen, however,
that the contour of the country is such that the drainage of a
large territory, embracing within its limits several cities,
towns and villages, must obtain a single common outlet.
Such is the present case.   A large part of the county of West-
chester, including the towns of White Plains, Greenburgh,
Scarsdale, East Chester, the city of Mount Vernon and part
of the city of Yonkers, is to drain into this sewer.   The whole
of this territory, usually termed the Bronx valley, drains into
the river of that name, which is an insignificant stream.   The
density of the population in this area has so increased of late
years that the river has become utterly inadequate to prop-
erly dispose of the sewage, and the health of the whole region
is seriously menaced by its pollution.   The scheme of the
improvement is the construction of a trunk sewer to collect
all this sewage and, instead of allowing it to flow into the
Bronx, to divert it to the Hudson river, where the great flow

of water can successfully carry it off. The prosecution of this work could not be undertaken by any of the municipalities named alone, nor should the burden of its cost be imposed on any single municipality. The work was for the common benefit of all. There is in this state no political subdivision or organization intermediate the county and the town or city. The legislature might have prescribed some special method of joint action between the several municipalities through which the sewer is constructed. But it was not obliged to take that course. On the contrary, it seems to us more in conformity with the general frame of the state government that the prosecution of a work which exceeded the domain of any one municipality should be conferred upon the next higher political organization which was capable of performing it and within whose territory lay the whole improvement. Usually roads, parks and sewers are the work of a municipality, but there are such things as county roads and we do not see why there may not be county parks and county sewers for the general benefit of the inhabitants of the county. The prosecution of such an improvement would be a county purpose. Moreover, the question is, to a certain extent, one of degree. An improvement which was solely for the benefit of a single municipality should not be imposed on the county. Such, however, is not this case, but the area sought to be drained is so great that failure to properly drain it may be well thought to threaten the health of by far the greater part of the inhabitants of the county. It was said in *People ex rel. Murphy* v. *Kelly* (76 N. Y. 475): "The Legislature when legislating in view of this constitutional limitation, must determine in the first instance what is a municipal purpose. Its decision is not, however, final. When its act is challenged as in conflict with this constitutional limitation, the courts must determine whether debt is authorized to be incurred for a purpose not municipal. But as the dividing line between what is a municipal purpose and what is not is, in many cases, shadowy and uncertain, great weight should be given by the courts to the legislative determination, and its action should

not be annulled unless the purpose appears clearly to be one not authorized." Clearly within this rule the statute must be upheld.

We see no force in the suggestion that the taxpayer is without opportunity to appear before the board of supervisors and be heard as to the apportionment of the assessment of the cost of the improvement between the several municipalities benefited thereby. The statute provides (sec. 14) that the apportionment or equalization shall be made by the board at the annual meeting after the dissolution of the commission appointed to construct the sewer. This act, though local, is public, not private, and the taxpayers of the county are bound to take notice of it.

The order of the Appellate Division should be affirmed, with costs, and each of the questions certified answered in the negative.

GRAY, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed.