WILLIAM T. WRIGHT, Individually and as Mayor of the City of Rensselaer, Appellant, v. ALBANY PORT DISTRICT COMMISSION, and DWIGHT B. LA DU, as Chairman, and THOMAS FITZGERALD and Others, as Members of the ALBANY PORT DISTRICT COMMISSION, and CITY OF ALBANY, Respondents.— This is an appeal from an order of the Special Term denying the application of the plaintiff, individually as a taxpayer and as mayor of the city of Rensselaer, for a peremptory order of mandamus directing the Albany Port District Commission to reapportion to the several properties within the cities of Albany and Rensselaer the amounts required to be raised by assessment and taxation upon said properties to meet the expenses of the district for the fiscal year commencing July 1, 1936, and also to rescind the resolution adopted for such purpose on the 16th day of June, 1936. The Albany Port District is a public corporation organized and created pursuant to the provisions of chapter 192 of the Laws of 1925, as amended by chapter 523 of the Laws of 1927 and chapter 293 of the Laws of 1929. Pursuant to such statute the district commission prepared a comprehensive plan for the development of the port which it duly ratified and approved on the 29th day of March, 1932. In this plan the estimated cost of the port development within the city of Albany

was $7,002,432.14 and $2,299,740.55 for improvements outside, including the property within the city of Rensselaer. No part of the estimated cost of improvements within the city of Albany was charged against the city of Rensselaer property. After this elimination the figure of 12.11 was arrived at as the percentage benefit accruing to the Rensselaer territory and the figure 87.89 per cent benefit accruing to the Albany territory. The correctness of the percentage figures has never been challenged. Thereafter bonds in the total sum of $5,000,000, obligations of the district, were issued and sold to defer the expense of the port facilities generally. On June 16, 1936, the commission adopted its budget for the fiscal year beginning July 1, 1936, computed as follows:

| | |
|---|---:|
| For maintenance and operating expenses | $205,230 00 |
| Bond retirement | 156,000 00 |
| Bond interest | 340,548 75 |
| Estimated interest on certificates of indebtedness | 5,000 00 |
| | $706,778 75 |

Estimated revenues of $375,220.90 were deducted from this total which left a deficiency of $331,557.85 to be raised. To raise this sum by taxation property of the port within the city of Rensselaer was charged 12.11 per cent thereof and property within the city of Albany the percentage of 87.89. The plaintiff contends that the assessments as apportioned are illegal for the following reasons: " (1) That the amount to be raised by tax on the property within the Cities of Albany and Rensselaer is not determined in accordance with the provisions of Section 8 of Chapter 192 of the Laws of 1925, as amended by Section 1 of Chapter 523 of the Laws of 1927. (2) That the assessment is unlawful and invalid in that the Act creating the Port District and Acts amendatory thereof, violate both the State and Federal Constitutions." A careful examination of the statute creating the district and commission establishes that the budget in question was properly set up in accordance with the law and that the amount payable by the city of Rensselaer was properly determined and that there is no constitutional violation of either the State or Federal Constitution by the act. (Gaynor v. Marohn, 268 N. Y. 417; Robertson v. Zimmerman, Id. 52.) Order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.