Howard T. Hogatt, J.
This is a proceeding in eminent domain instituted by the Manhasset Park District to acquire real property for public parking purposes. The petition in condemnation presently before the court is but the latest in a series of steps which has consumed several years and resulted in several lawsuits.
The primary objections of the corporate and individual respondents are based upon the failure of the North Hempstead Town Board to comply with article 12 of the Town Law in that it failed to make the findings required pursuant to subdivision 2 of section 202-e as set forth in subdivision 1 of section 194, and that the permission of the New York State Comptroller pursuant to subdivision 3 of section 202-e was not secured. Respondents also question the need for additional public parking. Respondent Di Leo contends that petitioner may acquire real property for park purposes only and argues that the pending condemnation, having no relationship to park purposes, is in excess of the jurisdiction of the park district.
The other individual respondents raise an additional objection based on the ground that as owners of real property in the Town of North Hempstead, subject to taxation for town purposes, they would be discriminated against, contrary to the Fourteenth Amendment of the Constitution of the United States, in that they could be subject to taxation for an improvement whose benefits are denied to them.
The Town Board of the Town of North Hempstead is not required to comply with sections 194 and 202-e of the Town Law with respect to this proceeding to acquire additional property. Article 3 of title 3 of the Nassau County Civil Divisions Act (L. 1939, chs. 273, 710-717, as amd.) sets forth the powers and duties of the Manhasset Park District and of the Town Board in relation to the district. Section 319.1 (L. 1940, ch. 675) provides as follows: “ The Manhasset park district of the town of North Hempstead, Nassau county, shall continue to exist as a park district and shall be subject to the provisions of the town law relating to park districts except as hereinafter provided(Italics supplied.)
One of the exceptions provided is section 319.6, which deals specifically with the acquisition of real property by the park district, sets forth the procedures to be followed. These procedures and requirements are quite different and distinct from section 202-e of the Town Law. Section 319.6 does not require the Town Board to make the findings which respondents allege must be made. There is no requirement that the Town Board *644 ■seek the State Comptroller’s permission before acquiring and improving any additional property for the park district in the factual .situation herein. Insofar as the two are in conflict, the Nassau County Civil Divisions Act, a special law, prevails over the Town Law, a general law (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 397; Matter of Lent v. Town Bd. of Town of Hempstead, 8 Misc 2d 184).
The court cannot agree with the contention that no need for the proposed public parking facilities has been shown. The record before the court demonstrates that there exists in the district a need for additional public parking. There is also no doubt that the Town Board has the power to create and establish public parking places in the Manhasset Park District (Nassau County Civil Divisions Act, § 319.3). The board is authorized to acquire real property for such purposes and is not limited to acquisitions for park purposes only.
With respect to the constitutional issue, the court finds respondents’ arguments to be without merit. Section 3 of article VIII of the New York State Constitution provides that a county or town in which a special improvement district is located, must pledge its faith and credit as security for the payment of principal and interest on all indebtedness contracted for the district. Section 319.9 of the Nassau County Civil Divisions Act (L. 1940, ch. 675) is intended to effectuate this scheme and provides as follows: “ § 319.9 * * * All such bonds, notes and certificates of indebtedness and interest thereon shall be paid in the first instance from a levy upon the property within said park district for whose benefit the said debt was created as provided in sections 319.4 and 319.5 hereof as the case may be, but if not so paid there shall be raised by tax upon all of the taxable property in said town a sum sufficient to pay such principal and interest.”
Respondents argue that this section is unconstitutional since they, as taxpayers of the town who reside outside of the district, could be subject to taxation of their real property to pay the costs of the proposed acquisition and development of the parking fields from which they might or will be excluded. The fact that there is nothing in the record before the court to indicate that nonresidents of the district will be excluded, beyond the bare allegation of respondents to this effect (which allegation is denied by petitioner), is sufficient to defeat the respondents’ objections. But further, the respondents’ argument is directed at the entire method of financing this district’s improvements *645 as embodied under the New York State Constitution and section 319.9.
It is true that property located within and benefitted by a special improvement district shall be taxed or assessed to pay for the district improvements while property which is excluded from such district and such benefits may not be so taxed (Gaynor v. Marohn, 268 N. Y. 417). It must be noted that the primary obligation to pay is upon the properties in the Manhasset Park District benefitted by the improvement, and section 319.9 recognizes this obligation. There is no question of taxing, in the first instance, any property in the town outside of the district to pay for the district improvements. The contingent liability expressed in section 319.9 is but a recognition of the obligation of the town to pledge its faith and credit so that the district indebtedness will be met in the event that the district revenues are insufficient. This obligation of the town therefore is part and parcel of its governmental function and is a town purpose which it can and must meet, if the situation arises, by resort to its power of taxation. The Manhasset Park District is an established and viable improvement district, in existence for many years, in which the assessed valuation of the property of the residents exceeds sixty million dollars. The statute in question, section 319.9 of the Nassau County Civil Divisions Act, is, therefore, not a mere device designed to secure benefits to a severely limited and economically unsound area by imposing the ultimate costs thereof on properties not benefitted.
The court recognizes, however, that this statute or a similar statute, when applied to a severely limited and economically unsound area, may be unconstitutional, but we cannot so hold in the case at bar.
Accordingly, the petition to condemn is granted.