MARTIN LANG, Individually, as Supervisor of the Town of Southampton and on Behalf of All Others Similarly Situated, et al., Appellants-Respondents, v PETER F. COHALAN, as County Executive of the County of Suffolk, et al., Respondents-Appellants.

Second Department, March 30, 1987

## APPEARANCES OF COUNSEL

*Block & Hamburger (Frederic Block* of counsel), for appellants-respondents.

*Martin Bradley Ashare, County Attorney (Theodore D. Sklar, Brian McCaffrey* and *Robert J. Cimino* of counsel), for Suffolk County, respondents-appellants.

*Robert Abrams, Attorney-General (Richard G. Liskov* and *August L. Fietkau* of counsel), for State of New York, respondents-appellants.

## OPINION OF THE COURT

KUNZEMAN, J.

In 1984, the Southwest Sewer District of Suffolk County, which is located in the Town of Babylon and in the westerly portion of the Town of Islip, was suffering severe financial difficulties. In an effort to prevent a drastic increase in the real property taxes paid by the property owners in that district, the Suffolk County Legislature petitioned the New York State Legislature to permit them to increase the sales tax within the county. In response the State Legislature enacted Tax Law § 1210-A, which authorized the county to adopt a local law or resolution imposing an additional one quarter of 1% countywide sales tax and compensating-use tax for a five-year period. The net collections from this tax were to be deposited in a special fund, to be designated as an assessment stabilization reserve fund, and moneys from that fund were to be used only for the following purposes and in the following order of priority: (1) to an account for the Southwest Sewer District in such amounts as necessary to stabilize assessments in that sewer district in any given year; (2) to an account or accounts for any other sewer district established by the county in such amounts as necessary to stabilize assessments in any such sewer district in any given year; and (3) for distribution to the towns and villages within the county which have established sewer districts or similar facilities in such amounts as necessary to stabilize assessments in any such

sewer districts (Tax Law § 1210-A [b]). A resolution imposing the increased sales and compensating-use tax, i.e., Suffolk County Resolution No. 823 of 1984, was approved in September of 1984.

The plaintiffs, the Town of Southampton, the Town Supervisor, and members of the Town Board, in both their official and individual capacities, subsequently commenced this action for a judgment declaring that Tax Law § 1210-A and Suffolk County Resolution No. 823 of 1984 are unconstitutional, null and void, on the grounds that (1) they impermissibly impose a general, countywide tax for the benefit of a special district, (2) they constitute a denial of equal protection of the law, (3) they are impermissibly vague and uncertain, and (4) they were unlawfully enacted in violation of the Municipal Home Rule Law. The plaintiffs also sought a judgment permanently enjoining the State and the county from imposing and collecting this additional tax, and directing that all the moneys thus far collected and paid over to the Southwest Sewer District be returned and redeposited in a general county fund. By notice of motion dated November 8, 1985, the county defendants moved for an order dismissing the complaint as to the town and the plaintiffs acting in their official capacities on the basis that they lacked standing. The State defendants brought a cross motion for the same relief. The plaintiffs then moved for a preliminary injunction and, alternatively, summary judgment. In their reply papers the defendants requested summary judgment dismissing the complaint in its entirety. The court dismissed the complaint insofar as it is asserted by the "municipal" plaintiffs due to their lack of standing, but refused to grant summary judgment to either party, apparently because it was not convinced that there were no defenses to the causes of action, and it believed the defendants' applications for summary judgment to be nothing more than an afterthought. This appeal and cross appeal ensued.

County Law article 5-A authorizes counties to establish or extend county water, sewer, drainage or refuse districts composed of property or property owners who would be benefited by the establishment of such districts (County Law § 250 *et seq.*). The article provides for funding of these districts through either special ad valorum levies (County Law § 270), special benefit assessments (County Law § 271), or a system of user rates, charges and rentals (County Law § 266). According to the plaintiffs, this is the only way in which the Southwest Sewer District may be funded. Thus, argue the plaintiffs, Tax

Law § 1210-A, which permits the funding of the sewer district through a countywide tax, without regard for who is benefited by the district, is an improper delegation of the State's taxing power. In support of this contention the plaintiffs rely almost exclusively upon *Gaynor v Marohn* (268 NY 417) and *Riley v County of Monroe* (55 AD2d 91, *affd* 43 NY2d 144). Those cases stand for the proposition that once the State Legislature has determined that a particular area will be benefited by the creation of, for example, a sewer district, the county cannot use county funds raised by taxing an area not included within that district for the sole benefit of that district *(see, Riley v County of Monroe, supra,* at 148; *Gaynor v Marohn, supra,* at 428). However, the determination as to what area will be benefited is wholly within the discretion of the State Legislature, and the courts will not interfere with the State Legislature's determination unless it is palpably unjust *(Gaynor v Marohn, supra; see, Chesebro v Los Angeles County Dist.,* 306 US 459). At bar, the State Legislature exercised its discretion and with the passage of Tax Law § 1210-A made a legislative pronouncement that the financial difficulties of the Southwest Sewer District, and other sewer districts throughout the county, are a countywide concern, and that the stabilization of assessments and the continued operation of those districts would benefit the county as a whole. This determination clearly is not palpably unjust, as the papers filed in opposition to the plaintiffs' motion for a preliminary injunction and summary judgment established that as a result of the stabilization of the assessments of the Southwest Sewer District in particular, and the other sewer districts located within Suffolk County in general, the treatment of scavenger waste emanating from locations throughout the county could be effectively managed, the protection of the county's underground aquifer, which is the sole source of the county's drinking water, could be achieved and the county's rating on its general obligation indebtedness, which had dropped as a result of the Southwest Sewer District's financial difficulties, could be maintained. Thus, Tax Law § 1210-A does not constitute an unconstitutional delegation of the State's taxing power.

In addition, the plaintiffs did not meet their heavy burden of establishing that the imposition of this additional sales and compensating-use tax upon only Suffolk County, and not Nassau County as well, is " 'palpably arbitrary' " or amounts to " 'invidious discrimination' " *(Trump v Chu,* 65 NY2d 20, 25, *appeal dismissed* — US —, 106 S Ct 285). Clearly, there is

a rational basis for treating the residents of Suffolk County differently from the residents of Nassau County for the purposes of this statute. Thus, the plaintiffs' equal protection claim is without merit.

The plaintiffs' contention that Tax Law § 1210-A and Suffolk County Resolution No. 823 of 1984 violate the NY Constitution, article VIII, § 1 because they result in the giving of money to or in the aid of individuals, namely, the owners of real property located within the Southwest Sewer District, was not raised in their complaint, nor was it raised before the Supreme Court in support of their motion for summary judgment. Thus, this ground may not be used to obtain a reversal in this court *(see, Nelson v Times Sq. Stores Corp.,* 110 AD2d 691, *appeal dismissed* 67 NY2d 645). In any event, any incidental benefit which may accrue to the owners of real property located in the Southwest Sewer District by virtue of the implementation of Tax Law § 1210-A and Suffolk County Resolution No. 823 of 1984 does not serve to invalidate those enactments *(see, Harris v Jacobs,* 69 Misc 2d 4, *affd* 40 AD2d 677, *affd* 32 NY2d 914; *New York Tel. Co. v Secord Bros.,* 62 Misc 2d 866, *affd* 35 AD2d 779).

Furthermore, pursuant to Tax Law § 1210-A (b), any action taken by the County Executive with regard to the determination of the amounts necessary to stabilize assessments in a given sewer district must first be approved by the county legislature. Thus, the State Legislature clearly has not improperly delegated its power to assess and collect taxes without setting proper guidelines *(see, Matter of Rego Props. Corp. v Finance Adm'r of City of N. Y.,* 102 Misc 2d 641; *Mobil Oil Corp. v Town of Huntington,* 85 Misc 2d 800; *see also, Matter of Small v Moss,* 279 NY 288).

Finally, the plaintiffs' contention that Tax Law § 1210-A and Suffolk County Resolution No. 823 of 1984 were improperly enacted because they became operative without a referendum pursuant to the NY Constitution, article IX, § 1 (h) (1) and Municipal Home Rule Law § 33-a, is without merit.

In light of our determination, we need not reach the issue of the alleged lack of standing of the municipal plaintiffs.

THOMPSON, J. P., NIEHOFF and LAWRENCE, JJ., concur.

Ordered that the order is modified, on the law, by deleting the third decretal paragraph thereof, and substituting therefor a provision granting the defendants' applications for summary judgment in their entireties and declaring that Tax Law

§ 1210-A and Suffolk County Resolution No. 823 of 1984 are constitutional and represent a valid exercise of the State's taxing power. As so modified, the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.