Richard Gabriele, Esq. Informal Opinion Village Attorney No. 96-9 Village of Great Neck Plaza The Chancery 190 Willis Avenue Mineola, New York 11501
Dear Mr. Gabriele:
You ask whether the Village of Great Neck Plaza Business Improvement District (BID) may make a monetary contribution toward the purchase of a gazebo to be located in a public park just outside the BID's geographic boundaries. You state that although the gazebo would not be located inside the BID's boundaries it would nonetheless provide a direct benefit to the district and further the goal of restoring business activity to the area.
We find that such a contribution would be in violation of the State law regulating the establishment and operation of BIDs, if it is done without prior legislative modification of the district plan.
Chapter 282 of the Laws of 1989, codified at Article 19-A of the General Municipal Law, governs the establishment, operation and financing of BIDs by cities, towns and villages. See, L 1989 Ch 282; General Municipal Law § 980 et seq. The concept and process for the establishment and maintenance of a BID is analogous to the procedure provided in the Town Law for the creation of an improvement or special district for various services such as sewer, water and solid waste disposal. See, Bill Jacket, L 1989 Ch 282; see also, Town Law § 190 et seq.Historically, such districts have been employed because the benefits they produce are totally or almost wholly local in nature, making it inappropriate for the general populace to be taxed for their entire cost. See, Gaynor vMahron, 268 N.Y. 417 (1935). By authorizing the creation of a BID, the local legislature is attempting to enhance the business community and business environment within the geographic area established by the district plan. See, Bill Jacket, L 1989 Ch 282.
The act of establishing and modifying such a district is legislative in character and has its origins in the taxing power of the State. See,Pinkus v. Incorporated Village of Hempstead, 225 N.Y.S.2d 959 (Sup Ct Nassau Co 1962). After a municipality adopts by local law the provisions of Article 19-A (General Municipal Law § 980-b), a district plan is prepared and presented to the local legislative body. See, General Municipal Law § 980-d. Among other elements, the plan must contain a map of the proposed district and a description of its boundaries (General Municipal Law § 980-a[a], [b][1]), a list of the proposed improvements and the properties to be benefited (General Municipal Law § 980-a[8]), [b][3]), and the proposed source of financing (General Municipal Law §980-a[b][5]).
After the plan is filed in the office of the municipal clerk (General Municipal Law § 980-e[a]), the local legislative body must schedule a public hearing on the plan's contents. Id.The local legislative body may then make a determination as to whether the proposed BID has met all of the criteria of Article 19-A. General Municipal Law § 980-f(a). If so, the municipality may enact a local law establishing the BID, and in doing so adopts the district plan. General Municipal Law § 980-f(c). Once this occurs, a BID is formally established.
General Municipal Law Article 19-A defines the powers of the legislative body with respect to the district as providing "for districtimprovementslocated on or withinmunicipally or district owned or leased property which will restore or promote business activity in the district". General Municipal Law § 980-c(a). Emphasis added. Thus, the improvements authorized are "district" improvements, a clear reference to the district whose boundaries have been defined. This is the central concept underlying a BID, whereby all benefited property is included within the district. See, Bill Jacket, L 1989 Ch 282. Only district property is improved and charged for the costs of those improvements. See, General Municipal Law §§ 980(c), 980-f(3). Once established, any modification or extension of a BID's boundaries, financing or purposes must be predicated upon legislative amendment of the district plan. See, General Municipal Law § 980-i; seealso, General Municipal Law § 980-f(b)(2) (in the event that an extension or revision of the plan has been proposed, Article 19-A's notice and hearing requirements must again be adhered to).
In the absence of a legislative modification of its district plan, Great Neck Plaza BID revenues cannot be used for purposes outside district boundaries. See, General Municipal Law § 980-1(a) ("[n]one of the proceeds collected pursuant to this article shall be used for any purposes other than those set forth in the district plan"). Thus, it would be inappropriate for a BID to make a monetary contribution to a municipality for the purpose of making improvements to areas outside the BID's borders.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Sincerely,
JOSEPH CONWAY, Assistant Attorney General