Joseph A. G-avagan, J.
This is an article 78 proceeding to review the determination of the respondents, the Police Commissioner and his deputy in charge of community relations, denying to the petitioner, a weekly newspaper, the same number of working press cards it had received for the two preceding years. The holders of working press cards are permitted within police and fire lines to observe, report or photograph news events. These cards are issued by the Police Department to representatives of recognized news, radio and television media.
The sequence of events which led to the instant proceeding began in November, 1956, when all organizations holding working press cards were notified to file requests for renewal for the year 1957. The petitioner requested 10 working press cards — the same number admittedly issued to its representatives in 1955 and 1956. Subsequently, the Deputy Police Commissioner allegedly advised the managing editor of the petitioner “ that the Committee on Press Cards had reviewed his application for renewal of working press cards for 1957 * # * and # * # recommended the approval of one working press card, one reserve card and eight police identification cards ”. It *951 should be remarked, parenthetically, that the origin and authority of the committee were never clearly defined in the present proceeding. The committee’s recommendation was adopted. The reserve card is for use interchangeably among the petitioner’s staff members but the identification cards do not authorize the holder to cross police and fire lines. The petitioner requested a reconsideration of this determination. According to the respondents, the petitioner was then offered an opportunity ‘ ‘ to designate a representative to appear before the Police Commissioner’s Advisory Committee, the Chairman of which is the respondent [the deputy police commissioner] for the purpose of presenting [its] case ”. The petitioner replied by letter and charged that the respondents ’ refusal of 10 working press cards to the petitioner was arbitrary, discriminatory and prejudicial. The committee reconsidered the petitioner’s request and approved the issuance of three additional reserve cards. No representative of the petitioner was present when the committee met or arrived at their decisions with respect to the petitioner. To review those decisions, the petitioner, in the nature of certiorari, brings the present application.
It cannot be disputed that among the chief duties of the Police Department of this city is the protection of life and property and that in the performance of such duties the Police Commissioner may, in his discretion, limit the number of reporters, photographers or others authorized to enter and remain within police and fire lines. Nor is it disputed that the petitioner is a recognized newspaper and that one or more of its representatives should be issued working press cards to permit coverage of news events from within police and fire lines.
The refusal to renew working press cards is to some degree equivalent to the revocation of a license to practice a trade or profession. In Matter of Hecht v. Monaghan (307 N. Y. 461, 469-470) it was held: “Revocation of a license — even where the same rests within the discretion of an administrative official * * * is a judicial or quasi-judicial function * * * [and] and no essential element of a fair trial can be dispensed with unless waived ”.
No hearing was granted to the petitioner and it may not be argued that the petitioner failed to avail itself of the opportunity to appear before the so-called Advisory Committee. It is too well settled to require citation that an administrative agency may not delegate its quasi-judicial and discretionary function to persons who are neither officials nor employees of the agency or of the governmental body of which the agency is an arm. The services rendered by the committee may be welcome *952 in a quasi-judicial proceeding as amicus curies but cannot be upheld in the role of referee.
In any event, whether the working press cards be considered a license tantamount to a property right or merely a privilege revocable at will, they should not be revoked without a hearing, where, as here, it is not denied that the petitioner was issued such cards under substantially similar circumstances for the two preceding years.
The application is accordingly granted to the extent of remitting the matter to the respondents for further proceedings not inconsistent with this opinion.
Settle order.