James J. Cowboy, J.
Application for an order reviewing and annulling the determination of the respondents whereby they refused to renew petitioner’s license to operate a private proprietary hospital.
Petitioner is, and since 1928 has been, the owner of certain real property at Queens Village, New York, where she has been conducting a private proprietary hospital known as Queens Village Sanatorium. Said hospital has accommodations for 10 patients.
From 1928 to 1930 petitioner’s hospital was licensed by the New York City Department of Health which then had jurisdiction. From 1930 on, petitioner’s hospital has been licensed by the New York City Department of Hospitals. The most recent license issued by.respondents was for the period commencing February 10, 1959, and ending on February 9, 1960.
On July 17, 1958, the Department of Hospitals wrote to the petitioner setting forth certain particulars in which petitioner’s hospital allegedly did not meet the requirements of the Hospital Code. Petitioner complied with the recommendations and her license was renewed in February, 1959. Petitioner alleges that she has spent thousands of dollars to comply with the requirements of law, one item alone being the installation of a sprinkler system at a cost of $4,893.20.
Petitioner further alleges that in December, 1959 she submitted an application for renewal of the annual license; that on February 25, 1960, the Department of Hospitals wrote to her about certain allegedly unsatisfactory conditions at her hospital and notified her to appear for a conference on March 7, 1960; that petitioner was ill and unable to attend said hearing and requested an adjournment; that on April 5, 1960, the department wrote to her stating that her institution “ does not and cannot function as a hospital.” Petitioner was directed to close the hospital by May 10, 1960. Petitioner and her attorney thereafter attended at the Department of Hospitals but petitioner was refused a hearing.
In their return respondents allege that petitioner’s hospital has a high mortality rate; that she did not apply for a renewal of her license; that inspections of her hospital reveal that there are insufficient instruments for surgery, no facility for sterilizing instruments, no facilities for basal metabolism tests or electro *604 cardiography nor X-ray service, nor facilities for blood typing and that petitioner’s permission to maintain narcotics has been revoked by the State Health Department.
The general rule is that the court cannot substitute its judgment for that of an administrative body where the latter’s determination is supported by substantial evidence.
Elementary rules of due process, however, require that petitioner be accorded the right to be heard and to present evidence. (Matter of Hecht v. Monaghan, 307 N. Y. 461, 468; Matter of Heaney v. McGoldrick, 286 N. Y. 38, 45; Matter of Newbrand v. City of Yonkers, 285 N. Y. 164,177.) Under the circumstances-petitioner was entitled to a hearing and an opportunity to refute the charges against her institution. The bare assertion that her institution ‘ ‘ does not and cannot function as a hospital ” is obviously a mere conclusion. Petitioner was entitled to have a decision based on findings of fact which could be reviewed judicially. (Matter of Small v. Moss, 277 N. Y. 501; Matter of Elite Dairy Prods. v. Ten Eyck, 271 N. Y. 488, 498; Matter of Gilbert v. Stevens, 284 App. Div. 1016.)
One further point deserves mention. Respondents contend that petitioner never applied for a renewal of her license. Petitioner states that in December, 1959 she received an application for a renewal of her annual license, that said application was delivered by a representative of the Department of Hospitals, that she subsequently filled it out and returned it to the department representative and that this is the same procedure which has been followed in previous years.
While this presents a question of fact, the court is mindful of the public interest in the proper maintenance of hospitals and the harm that could flow from further delay. If petitioner’s hospital is unsatisfactory, it should be closed promptly; if it is satisfactory, petitioner should receive a proper determination to that effect. For that reason the court is remitting this matter to the respondents so that they may accord petitioner a proper hearing and render a determination based on findings of fact.