Jacob Mabkowitz, J.
Petitioner brings this proceeding to review a determination of the Police Commissioner by which petitioner’s hack driver’s license was revoked on June 19, 1961. Prior thereto, because of petitioner’s alleged involvement in an assault at the Idlewild Airport, he had been barred from hacking at both Idlewild and La Guardia Airports. Petitioner’s alleged violation of the restriction, thus imposed, occasioned the revocation, here sought to be reviewed.
On May 25, 1961, after the alleged assault incident, which involved petitioner, two other cab drivers and a private guard, a purported hearing was held at the Division of Licenses of the Police Department. Petitioner was specifically charged with acting in a manner contrary to hack regulations and being abusive. Although the complaining witness, the guard, was present at the hearing, he did not testify. In fact, no evidence at all was elicited which had any bearing on the charges, nor was petitioner afforded the opportunity of testifying in his own defense. The extent of the brief hearing consisted of a colloquy concerning statements of the parties when they appeared in Magistrates’ Court, after which the hearing officer commented that he would indorse petitioner’s license so that he would not be permitted to hack at airports. The following day, petitioner signed a consent to such indorsement in order to secure the return of his hack license.
The original order of the Division of Licenses, indorsing petitioner out of all airports, was a continuing order, made without finality or termination date. Accordingly, the prohibition was a continuing one, and, as such, the review thereof is not limited timewise by statute (see Matter of Kenny v. Loos, 286 App. Div. 97, 99). The limitations of section 1286 of the Civil Practice Act are not applicable. Moreover, the final order of revocation was premised on an alleged violation of the indorsement and, as such, the circumstances of both hearings, and orders are subject to judicial review upon this application.
The original hearing, as indicated, was a travesty, a mock proceeding — and tantamount to no hearing at all and a clear violation of petitioner’s constitutional rights. This is so despite the presence of petitioner’s counsel thereat, wherein said attorney was given no right to examine or cross-examine anyone. In light of this abortive hearing then, as seems to be suggested in the papers, petitioner was really indorsed out of the airports *1086 because of Ms past record of violations. This is even more apparent when it is considered that no disciplinary action at all was taken against the other two hack drivers, allegedly involved in the assault. Their licenses were neither suspended, revoked nor indorsed, and, in fact, it was agreed that, pending culmination of civil litigation arising out of the incident, any action as to them would be held in abeyance.
A fair and legally defensible hearing was never afforded petitioner as to the specific charges made herein, as is required (Matter of Hecht v. Monaghan, 307 N. Y. 461). Certainly, no hearing was even attempted as to anything connected with petitioner’s past violations.
Nor may anything more be made of petitioner’s agreeing to the said indorsement than that it was obviously a product of compulsion and was the only manner in which petitioner, at that time, could secure physical possession of his license, under the circumstances.
The revocation, here under review, admittedly based primarily upon the alleged violation of the condition imposed— the imposition of which condition was made without due process — cannot stand. It should be noted in passing that, although the question is not reached, this court has serious doubts as to the power and authority of the Police Commissioner — in the guise of protecting the welfare of taxicab passengers or otherwise — to restrict a hack driver in the performance of his occupation to only certain portions of the City of New York and to prevent him from servicing the public at particular locations, as was done here. If one cab driver can be barred from city airports, why cannot another be excluded from the area of city museums, and a third from Fifth Avenue or Broadway?
Accordingly, the matter is remitted to the hack bureau of the New York City Police Department for further proceedings not inconsistent with this opinion. Pending any future determination, petitioner is to have his hack license reinstated forthwith, and the full use thereof without indorsement.