Lawrence H. Cooke, J.
In this article 78 CPLR proceeding, there is a prayer for the review of respondent’s determination, after hearing, denying petitioner’s application for an extension of his milk dealer’s license pursuant to section 258-c of the Agriculture and Markets Law so as to permit the use of additional trucks and the sale of milk and milk products at wholesale and to an additional class of persons. On return, the question arose as to whether or not the matter should be transferred to the Appellate Division.
The petition, among other things, recites: ‘ ‘ The determination and review was made after 3 hearings hereinabove mentioned, and the questions to be determined are those set forth in subdivisions 1, 2, 3 and 4 of § 7803 CPLR as hereinafter more specifically stated ”; “ That at the said hearings, there was no competent proof adduced that any consumer would be adversely affected or that there would be a tendency to destroy or demoralize the market, even if the same is adequately served ’ ’; ‘ ‘ There is no competent proof that any dealer would be destroyed unless possible reduction of his profit is ‘ destructive competition ’ ”; “ There is no evidence that the customers that might be acquired by petitioner would be taken from presently established dealers, if the extension were granted ”; “ There is no evidence that additional competition, especially in those areas now being served by petitioner, would not increase the number of consumers and milk consumption “There is no competent proof that if the extension were granted that the dealers who testified would sustain any loss of profits “ There is no proof that price cutting or other practices constituting unfair competition would ensue ’ ’; and ‘ ‘ That the determination of the respondent is against the weight of evidence, is unsupported by any substantial evidence and is in fact contrary to the credible evidence, erroneous, illegal, unjust, improper, capricious, arbitrary and unconstitutional in law, tailored to suit the- *970 inherent policy of the Department of Agriculture and Markets to keep and maintain a monopoly for some 10 families who control this aspect of the milk industry. ’ ’
Where an issue specified in question 4 of CPLB 7803 (“ whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence ”) is raised, the court shall make an order directing that the proceeding be transferred for disposition to a term of the Appellate Division held within the judicial department embracing the county in which the proceeding was commenced (CPLB 7804, subd. [g]). The substantial evidence rule applies and the matter is proper for determination by the Appellate Division only if the hearing required by law is characterized as judicial or quasi-judicial or if, even though there is no explicit statutory requirement for a hearing, the need for a judicial or quasi-judicial hearing is implied because the determination is held to be judicial in nature and the interest involves a right (Matter of London Sporting Club v. Helfand, 3 Misc 2d 431, affd. 6 A D 2d 775; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.09). Here, a hearing was required by section 258-c of the Agriculture and Markets Law and was directed by an order or judgment of the court. Furthermore, the hearing was judicial in nature (Matter of Hecht v. Monaghan, 307 N. Y. 461; Matter of Koppel v. Hults, 20 A D 2d 669; Matter of Scuiletti v. Sheridan, 12 A D 2d 801; Matter of Bay Towing v. Broderick, 49 Misc 2d 657, 660; Matter of Brown v. Murphy, 34 Misc 2d 151; Matter of Bohrer v. Murphy, 31 Misc 2d 1084; Matter of Brody’s Auto Wrecking v. O’Connell, 31 Misc 2d 466; Matter of Woodiwiss v. Jacobs, 27 Misc 2d 602; Matter of New York Evening Enquirer v. Kennedy, 18 Misc 2d 950). (Cf. Matter of Perky Milk Corp. v. Wickham, 15 A D 2d 624; Matter of Kotcher v. Carey, 3 A D 2d 957, app. dsmd. 3 N Y 2d 879; Matter of Friendship Dairies v. Du Mond, 284 App. Div. 147; Matter of Echelman v. Du Mond, 283 App. Div. 276; Matter of Williams v. Du Mond, 282 App. Div. 76.)
CPLB 7803 replaces section 1296 of the Civil Practice Act as the statutory statement of the questions that may be raised in an article 78 proceeding, the condensation of the 8 questions of the former into the 4 of the new section representing mainly a stylistic difference, but there are two changes of substance, one being that CPLB 7803 (subd. 4) reformulates former questions 6 and 7 of said section 1296 so as to adopt explicitly the substantial evidence rules as articulated in certain cases and to eliminate the so-called legal residuum doctrine (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7803.01). The courts construed former *971 section 1296 (subd. 7) as meaning that the finding would be reversed only if a jury verdict to that effect necessarily would have been set aside as a matter of law or a contrary verdict would have been directed; and this is the construction adopted in CPLR 7803 (subd. 4) (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7803.09; Practice Commentary by Prof. Thornton, McKinney’s Cons. Laws of N. Y., Book 7B, following CPLR 7803). (See 1962 Sen. Finance Committee relative to the Revision of the Civil Practice Act, p. 672.)
The proceedings herein are transferred for disposition to a term of the Appellate Division held within the Third Judicial Department, embracing the county in which this proceeding was commenced.