I. Stanley Rosenthal, J.
This is a motion for an order dismissing the complaint for lack of personal jurisdiction of the defendant pursuant to CPLR 3211 (subd. [a], par. 8).
The facts in this case are that the plaintiff herein is a resident of the Village of Flower Hill, Nassau County, who was a passenger for hire lawfully on board of one of the defendant’s airplanes in flight from Miami, Florida to Bogota, Colombia, and that she paid the fare entitling her to that trip. It is further claimed that during that flight plaintiff received injuries as the result of the defendant’s negligent operation of the aforesaid airplane.
The sole question here is whether or not Braniff Airways, Inc., which maintains a New York City office in New York County, was doing business in Nassau County although it maintained no offices in Nassau County. The summons and complaint herein were served at the defendant’s New York City office.
The case cited in movant’s reply affidavit, to wit, Miller v. Surf Props. (4 N Y 2d 475) is not on all fours with the instant action. In the case of Bryant v. Finnish Nat. Airline (15 N Y 2d 426, 431) Chief Judge Desmond points out that the Miller case was decided on facts peculiar to it and in the course of his learned opinion stated: “However, it must be kept in mind that the person attempted to be served in Miller was not an employee of the defendant but an independent travel agency representing defendant in New York City.” He then goes on to cite the case of Berner v. United Airlines (3 A D 2d 9, affd. 3 N Y 2d 1003) in which the plaintiff’s testator was killed in the California crash of a plane operated by an Australian Airline (BCPA).
*126 There is proof in. the file that Baron Travel, Inc., of Great Neck, Nassau County, was authorized to represent Braniff Airways, Inc. in promoting and selling air passenger transportation for that company at the time of the alleged accident. No doubt many other travel agencies are also authorized to represent the defendant in the promotion and sales of passenger transportation in this county.
The defendant’s contention that it was not doing business in Nassau County, although it admittedly authorized the above-identified travel agency to represent it in the respects herein-above indicated, as appears from the photostat of defendant’s certificate of appointment attached to the affidavit submitted in opposition, is both incongruous and untenable.
The court holds that the suit is maintainable here in Nassau County under the long-arm statute (CPLR 302), and the motion to dismiss the complaint is accordingly denied.