Bertram Harnett, J.
The Town Board of North Hempstead adopted, on October 10, 1968, Resolution No. 645 approving a condemnation map proposed by the Manhasset Park District for parking facilities near the Manhasset Station of the Long Island Rail Road. The Town Board also delegated all further proceedings in connection with the acquisition of the real property to the Manhasset Park District. Public hearings preceded the adopting meeting, pursuant to Resolution No. 550 of the Town Board, which had replaced a prior resolution calling a hearing which had been invalidated by an earlier decision of this court (N. Y. L. J., Aug. 5, 1968, p. 11, col. 1).
The resolution calling for the public hearing referred to a “ proposal of the commissioners of the Manhasset Park District to acquire * * * and construct improvements * * * and to hear * * * concerning * * * same”. An estimated cost of the acquisition and improvements was set forth. The resolution concluded with the notice that ‘ ‘ the proposed method of assessment for payment of the estimated costs of acquisition and improvements is on an ad valorem basis.” Neither Resolution No. 550 calling the hearing, nor Resolution No. 645 approving the proceeding, nor the record, reflects or *276 incorporates a proposal as such of the Manhasset Park District, other than a map and the above-quoted material.
Marthann Realty Co., Inc. (the petitioner in this proceeding), a private parking lot operator, and Thomas and William T. 0 ’Connell, adjoining realty owners (petitioners in a companion motion to this), separately brought article 78 proceedings to annul Resolution No. 645, to enjoin further steps in the condemnation, and to have declared unconstitutional section 319.9 of the Nassau County Civil Divisions Act (L. 1939, ch. 273, as amd.) insofar as it permits the general taxing credit of the town as a whole to be placed behind bonds of a Park District for an improvement to be used only by Park District residents and forbidden to town residents generally. In addition, the taking itself is attacked as being without public purpose, arbitrary, capricious and in bad faith.
The town and the Park District do not answer the petition, but instead, move to dismiss the petition on the grounds that it does not state facts sufficient to constitute a cause of action which would warrant the relief sought. They argue that the petition is premature and only lies upon an actual condemnation, that approval of the map by the Town Board is a legislative act which cannot be restrained, and that it is inappropriate to review a legislative enactment by an article 78 proceeding.
Based on the record in this proceeding and that, on a motion to dismiss pursuant to CPLR 3211, the allegations of the complaint are deemed to be true (Schwartz v. Heffernan, 304 N. Y. 474; St. Regis Tribe v. State of New York, 5 N Y 2d 24), this court denies the motion to dismiss and directs the defendants to file answers in both the Marthann Realty Co. and O’Connell proceedings. Such answers shall be served and filed with this court within 20 days after service of a copy of this order (CPLR 7804, subd. [f]). Briefs may be served by the respondents with their answers and petitioners shall have five days thereafter to serve reply briefs and file copies with this court. The respondents are requested, in their answers, without limitation, to set forth the specific proposal of the Manhasset Park District, either as officially enacted by it in its proceeding, or forwarded by it in its petition, if any, to the Town Board.
The town contends that it is inappropriate to review a legislative enactment by article 78. CPLR 7803 provides, in part, as follows:
“ The only questions that may be raised in a proceeding under this article are: * * *
“ 2. whether the body * * * proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
*277 ‘1 3. whether a determination was made in violation of lawful procedure * * * or was arbitrary and capricious or an abuse of discretion * * * or
“ 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law, is on the entire record, supported by substantial evidence.”
Subdivisions 2 and 3 of CPLR 7803 appear applicable to the proceeding at hand, although subdivision 4 does not, since the public hearing preceding the adopting resolution is not of the kind involving the taking of evidence ‘ ‘ pursuant to direction by law ” (Matter of O’Brien v. Commissioner of Educ. of the State of N. Y., 4 N Y 2d 140, app. dsmd. 361 U. S. 117; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7803.12).
There is no question here about enjoining or restraining the Town Board from approving the map. Indeed, the Town Board, in fact, has already approved the map. The proceedings here seek judicial review of that approval, and particularly its constitutionality, citing Gaynor v. Marohn (268 N. Y. 417) and Matter of Village of Gowanda v. County of Erie (25 A D 2d 18). The right of the courts to review legislation is time honored in our legal tradition (Marbury v. Madison, 1 Cranch [5 U. S.] 137); Matter of Roosevelt Raceway v. County of Nassau (18 N Y 2d 30, app. dsmd. 385 U. S. 453) and remains viable even in an article 78 proceeding (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508; Matter of Policemen’s Benevolent Assn. of Westchester County v. Board of Trustees, 21 A D 2d 693).
The Manhasset Park District requires, as a condition precedent of its own subsequent actions, a valid delegation of authority by the Town Board (Town Law, § 216; Nassau County Civil Divisions Act, § 319.6 [L. 1939, ch. 273, as amd. by L. 1940, ch. 675]). If this authorization is constitutionally invalid, the Manhasset Park District cannot take effective action predicated upon it. Whether the proposed action of the Park District in considering actual condemnation is itself a legislative action is actually moot within the context of these proceedings, since the Park District will not have the power to' perform a lawful act if its enabling authorization is struck down.
It is the apparent statutory intendment of the delegation of' future action that the Town Board have no further role in the condemnation proceedings; its approval, in essence, is its final action in this matter. Accordingly, the determination of the questions of public purpose, bona fide procedure, and bad faith raised by the petitioner against the Town Board becomes entirely seasonal (Matter of Incorporated Vil. of Hewlett Bay *278 Park, 48 Misc 2d 833, revd. on other grounds 27 A D 2d 578). It is the propriety of the approval action of the Town Board which is at issue.
As a matter of public policy, it seems unwise to postpone all questions until the Park District completes its condemnation proceeding. Substantial public expense and effort are involved in a condemnation projection, substantial prejudice overhangs threatened property owners until a proceeding is complete. The Park District is now interfaced with the Town Board, with the overwhelming probability that, absent these legal challenges, it will proceed with the condemnation. Does not the public interest call for a prompt engagement on the important issues raised?
The scarcity of the record with respect to a specific proposal lying before the Town Board bears upon an assessment of the reasonableness and regularity of the Town Board’s action. The very question of whether the proposed parking facilities will be limited to Park District residents is not clearly answered, nor is it indicated in Resolutions Nos. 550 or 645 whether the ad valorem tax is to be levied solely on Park District residents. The court must take notice of the conflicting contentions as to the projected economic self-sufficiency of the parking facility and the reasonableness of the estimated costs of acquiring and improving the site for the intended purposes. These troublesome considerations give impetus to a requirement that the substantive matters of permissible official conduct be resolved at the earliest time, and not tumbled into a procedural futurity.