Daniel Gr. Albert, J.
Defendants have moved pursuant to OPLR 3211 (subd. [a]) to dismiss this action on the ground that plaintiff fails to state a cause of action and on the further *992 ground that there is another action pending between the same parties for the same cause of action in the United States District Court for the Southern District of New York (Karlinsky, Jacobson, et al. v. NYRA, Dreyfus, et al., Civ. Action No. 69-4082). In regard to the latter contention, the complaint asserts that NYBA’s refusal of stall space to plaintiff was based on its disapproval of his moral character and his organizing activities among the horsemen: such an allegation is nowhere contained in the Federal action and, as plaintiff points out, there is no possibility that a judgment in the Federal case will dispose of the issues raised herein. Indeed, even a judgment favorable to plaintiff in the Federal action will not affect his claims against the defendants in this case. (See Krisel v. Phillips Petroleum Co., 32 A D 2d 628 [1st Dept., 1969]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.25 et seq.)
As to the first ground alleged for dismissal, i.e., failure to state a cause of action, it is clear that no cause of action is stated against the individual defendant Dreyfus, and as to him the action should be dismissed. While he was chairman of the NYRA at the time of the acts described in the complaint, no individual acts on his part are alleged, and concededly the denial of stall space was an act of the corporate defendant, not Dreyfus. There is no allegation that Dreyfus fraudulently misused the corporate form as a shell behind which to commit an individual wrong; there is no allegation that he acted in excess of his corporate authority; in fact, there is no allegation that he acted individually at all. Since no acts of Dreyfus are alleged, plaintiff’s assertion in his answering papers that Dreyfus ‘ ‘ was an instrumental and a motivating force behind the organization’s action preventing plaintiff from racing in New York ” is too nebulous and vague to describe an actionable wrong on the part of the individual defendant. Accordingly, no viable claim is asserted and the complaint should be dismissed insofar as it relates to Dreyfus. (See Walkovszky v. Carlton, 18 N Y 2d 414 [1966]; Buckley v. 112 Cent. Park South, 285 App. Div. 331 [1st Dept., 1954].)
Since this motion to dismiss is directed at the complaint and its alleged failure to state a cause of action as against the corporate defendant, all the allegations contained therein must be assumed to be true, irrespective of whether plaintiff will be able to establish his allegations by competent evidence at trial. (Town of Ogden v. Howarth & Sons, 58 Misc 2d 213 [Sup. Ct., 1968]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.44.) The thrust of plaintiff’s contention against the NYBA is that *993 the defendant denied him stall space at its tracks (1) because it did not approve of his character, (2) in order to maliciously and wantonly punish him for his criticisms of its activities and policies, and (3) as a warning to other licensed horsemen to refrain therefrom. Such action of the defendant allegedly barred plaintiff from racing in New York and allegedly damaged him in the amount of $750,000.
The common-law right to exclude patrons from private places of amusement was expressly approved by the Court of Appeals in Madden v. Queens County Jockey Club (296 N. Y. 249 [1947]). Plaintiff claims to take no issue with the result in that case, but would distinguish Madden on the ground that NYRA is not a private corporation, and that it possesses a franchise — a special privilege conferred by the Sate in order to promote the public welfare. This, plaintiff alleges, makes the NYRA in effect a quasi-public corporation which cannot act arbitrarily or capriciously, wantonly or maliciously toward those with whom it deals. Moreover, it is argued that plaintiff is not a customer who pays an admission charge in order to be amused, but rather an owner and trainer who plys his trade at thoroughbred race tracks and who has been effectively barred from so doing in New York State although licensed by the New York State Racing Commission. NYRA has operated pursuant to a franchise from the State since 1955 (L. 1955, ch. 812, § 2, as amd. and L. 1955, ch. 813, § 1, as amd.), and this would appear to distinguish it from the privately owned defendant in the Madden case. (See California v. Pacific R. R. Co., 127 U. S. 1; El Paso County Water Improvement Dist. v. City of El Paso, 133 F. Supp. 894, 913 [W. D. Tex., 1955]. See, also, Greenberg v. Hollywood Turf Club, 7 Cal. App. 3d 968 [Ct. of App., 1970].)
The three recent New York lower court cases cited by the defendant are not applicable to the situation presented herein. Matter of Webster v. Roosevelt Raceway (N. Y. L. J., Aug. 23, 1971, p. 14, col. 6) and Rocco v. Saratoga Harness Racing Assn. (Saratoga County Sup. Ct., July 22, 1971) both deal with privately owned harness tracks, distinguishable from the corporate defendant herein. (See 19 NYCRR 99.8 [g].) And the plaintiffs in Warfield v. New York Racing Assn. (N. Y. L. J., July 28, 1971, p. 11, col. 8 [Sup. Ct., Queens County]), had been barred from the track because of their suspected criminal activity.
Stated simply, defendant asserts that it has the right to act maliciously and wantonly toward the plaintiff, as alleged in the complaint, and this court cannot agree. Defendant is a nonprofit quasi-public creature of the State, in possession of a vir *994 tual monopoly on thoroughbred horse racing in New York State, and it should not simultaneously possess an absoslute immunity from justifying its conduct which has allegedly caused damage to a horseman. If, as defendant claims, its decision under attack here was a discretionary business judgment, such determination will not be reviewed or second-guessed by the court. However, plaintiff accuses defendant of malice and wantonness in its determination to deny him stall space for his horses, and he must be afforded an opportunity to prove such a serious charge) if indeed he can. Similarly, the defendant will be given an equal opportunity to refute it. (Accord, Greenberg v. Hollywood Turf Club, 7 Cal. App. 3d 968, 975-979, supra. Cf. Wilkerson v. Waterford Park, Cir. Ct. of Hancock County, W. Va., Civ. Action No. 3972, affd. without opn. Sup. Ct. W. Va., cert. den. 396 U. S. 906 [1969], See, also, Garifine v. Monmouth Park Jockey Club, 29 N. J. 47 [1959].)
For all the above reasons, the action of plaintiff against the individual defendant Dreyfus shall be severed from that against the corporate defendant, and as to Dreyfus the complaint shall be dismissed for failure to state a cause of action. In all other respects the motion to dismiss for failure to state a cause of action and because of another action pending is denied.